NICHOLS<br>v.<br>MORGAN.

Although about half the amount of the bill is said by the witness to have been paid by *Lathrop's* carrying to its credit a cash balance he held in deposit belonging to *Morgan*, yet several weeks after this payment he is said to have taken the drawee's note for the whole amount of the bill.  It is proper also to add, that the plaintiff has not proved the rendition of any account to the defendant of the consignment, a portion of which was saved, nor does it appear that the defendant would have been liable to *Lathrop* on the bill, no notice of dishonor having been shown.

On the whole, we are by no means satisfied as to the plaintiff's right to recover, as an accommodation acceptor, in which character he sues.

Judgment reversed, and judgment for defendant, with costs in both courts.

---

9   535<br>
46   480

9   535<br>
121   791<br>
121   795

## C. A. BARRIERE & BROTHER *v.* V. FESTE.

A prospective insolvency affords no ground for proceeding by injunction and sequestration against a debtor.

The remedy of sequestration being a rigorous one, cannot be extended by implication to cases not contemplated by the law maker.

C. P. 158, 275, 303.

APPEAL from the First District Court of New Orleans, *Larue*, J.
*Louis Janin*, for plaintiffs and appellants.  *Hunton & Bradford*, for defendant.

SPOFFORD, J.  *Barriere, Lacapere & Co.* on the 23d March, 1852, sold to *Victor Feste*, their stock of goods in No. 22 Chartres street, with the lease, &c., for the sum of $20,000, for which they took the five notes of *Feste*, each for $4,000, payable at 12, 18, 24, 30 and 36 months, with six per cent. interest, from the date of the sale, the first two notes being drawn to the order of *F. H. Petitpain*, and endorsed by him and one *Samory*, and the other three to the order of *Dufour, Durand & Co.*, by whom they were endorsed.

On the 25th of November, 1852, the plaintiffs, their partnership with *Lacapere* having expired, brought this suit, alleging themselves to be the holders of the two notes, for $4000 each, which were to fall due on the 23d March, 1854, and 23d March, 1855 ; that they had the privilege of vendors upon such of the stock sold to *Feste* as aforesaid, as still remained in his possession or under his control ; that he was fast selling out at auction through *Petitpain*, to protect the latter for his endorsement on the first two notes ; that he was conducting his affairs out of the usual course of business, buying goods on a credit at the North, and selling them out at auction ; that *Dufour, Durand & Co.*, the endorsers of the last mentioned notes, had failed ; and that these circumstances proved the fraudulent intention of *Petitpain*, and the insolvency of *Feste*, and that the petitioners privilege would probably be lost if they were compelled to await the maturity of the notes they held.

Whereupon they prayed a sequestration of all the goods in No. 22 Chartres street, and in *Petitpain's* auction store, which could be identified as part of the stock sold on the 23d of March, and that such goods be sold, and their proceeds applied to the payment of the two notes held by plaintiffs, allowing a

BARRIERE & BRO.
v.
FESTE.

proper discount for the anticipated payment; no judgment on the notes was asked for. The petition concluded with a prayer for costs and general relief.

Affidavit having been made to the facts alleged in the petition, and a bond having been given, the writ of sequestration was ordered to be issued.

Supplemental petitions accompanied by affidavits being filed, orders of injunction issued to *Petitpain* and one *Brown*, who was made a party defendant also, restraining them from disposing of any property put into their hands by *Feste*, upon the further allegation that they were combining with the said *Feste* to defraud his creditors; that *Brown* was really his partner, and that the same judgment should be rendered against him that was sought against *Feste*.

Writs of injunction were issued accordingly, and served upon *Feste*, *Petitpain*, and *Brown*.

The defendants appeared by counsel, and moved to dissolve the sequestration and both injunctions, on the ground that no case had been made by the pleadings and affidavits, to authorize such remedies; they also excepted to the suit on the ground of its prematurity.

On a hearing, the sequestration and injunctions were dissolved, the exception was sustained, and the suit dismissed.

The District Judge took a correct view of all the questions raised by the appellants.

The proceedings are anomalous and not justified by any precedent.

The case of the *United States* v. *Smith*, 7 Ann. 189, shows the impropriety of the injunctions. The Article 303 of the Code of Practice, cited by the appellant, does not relate to a case of this description. Here the *property* is not in dispute, for the plaintiffs have sold and delivered it to *Feste*, with a direct view of his selling it again. The courts cannot interfere to say, whether he shall sell by wholesale or retail. His alleged insolvency is prospective only, and *non constat*, that he will not pay all his debts when they shall fall due: an apprehension that he may not do so, affords no pretence for stopping all his business operations, and taking what he has on hand to pay a single creditor two years in advance of the maturity of his claim, especially when there are three other notes outstanding, which, by plaintiff's own showing, are as much entitled to be paid by privilege as those they hold themselves.

The same reasons, in part, will justify the dissolution of the sequestration. Although, in certain specified cases, this writ may be issued before the maturity of the debt, the present is not one of those cases. The allegations of the petition do not meet the requirements of any clause in the 275th Article of the Code of Practice, or any amendment thereof. The remedy of sequestration being a rigorous one, cannot be extended by implication to cases not contemplated by the law maker.

The suit was properly dismissed, under Article 158 of the Code of Practice.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.